UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH JAMES REYES,<br><br>              Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER THUESON,<br><br>              Defendant. | Case No. 1:18-cv-00115-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant moves to dismiss Plaintiff's state law claims asserted in the Amended Complaint for failure to file a notice of tort claim with the Idaho Secretary of State. (Dkt. 17.) The motion is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be

significantly aided by oral argument, this matter will be decided on the record before this Court without a hearing. D. Idaho L. Rule 7.1(d).[1]

## BACKGROUND

Plaintiff filed an Amended Complaint on July 26, 2018, which was subject to review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (Dkt. 10.) Plaintiff alleges that, while an inmate incarcerated at Idaho State Correctional Center, he was hit in the groin by Correctional Officer Thueson, an Idaho Department of Correction ("IDOC") employee, on June 13, 2017. In addition to several constitutional claims, the Amended Complaint alleges two state law claims of assault and battery. On December 3, 2018, the Court issued a Successive Review Order, allowing Plaintiff to proceed on an excessive force claim as well as on the two state law claims. (Dkt. 11 at 8-9.)

The Court noted that Plaintiff's state law tort claims of assault and battery would be subject to dismissal unless Plaintiff had complied with the Idaho Tort Claims Act ("ITCA"), Idaho Code §§ 6-901 through 6-929, and allowed Defendant to file a motion to dismiss or a motion for summary judgment that addressed preliminary procedural issues rather than the merits. (*Id*. at 11.) Defendant now moves to dismiss the two state law claims on the basis that Plaintiff failed to file a notice of tort claim with the Idaho Secretary of State. (Dkt. 17.) Plaintiff did not file a response to Defendant's motion to dismiss.

---

[1] All parties have consented in writing to the jurisdiction of a United States Magistrate Judge to enter final orders in this matter. (Dkt. 27.)

**MEMORANDUM DECISION AND ORDER - 2**

Plaintiff was notified by the Clerk of Court of his rights and obligations regarding Defendant's motion to dismiss. (Dkt. 21.) The notice informed him that a response to Defendant's motion was required within 21 days. (Dkt. 21.) The notice also stated, in accordance with Local Civil Rule 7.1(e)(1), that Plaintiff risked having his claims dismissed if he failed to respond to Defendant's motion. The Court gave Plaintiff ample opportunity to respond to the motion, which was filed on February 1, 2019, given his requests for appointment of counsel were denied. (Dkt. 22, 23, 25, and 28.) To date, Plaintiff has not responded to the motion and the time for doing so is long past.

## ANALYSIS

This Court's Local Rule 7.1(c)(1) requires a response to a motion within 21 days after service of the memorandum of points and authorities supporting the motion. Further, a party's failure to timely respond to a motion to dismiss may be "deemed to constitute a consent to ... granting of said motion." Dist. Idaho Loc. Civ. R. 7.1(e)(1). "Failure to follow a district court's local rules is a proper ground for dismissal" if the following factors weigh in favor of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.1995) (internal quotation marks omitted), *cited in Cloyd v. Brewer*, No. 3:13-CV-00335-CWD, 2015 WL 3822293, at *1 (D. Idaho June 18, 2015). Having weighed these factors and the merits of Defendant's motion to dismiss, the Court finds it would be

appropriate to dismiss Plaintiff's state law assault and battery claims for failure to contest Defendant's motion to dismiss.

Additionally, Defendant's motion succeeds on the merits. The Court should "grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir.1987). When analyzing the viability of the state law claims the Court is mindful that it must apply the substantive law of Idaho, as interpreted by the Idaho Supreme Court. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 920 (9th Cir.1988).

The Idaho Tort Claims Act establishes procedures for bringing certain tort claims against governmental entities under Idaho law. In particular, the Act requires, as a condition precedent to filing suit against the State or its employees, that the plaintiff file a notice of tort claim with the Secretary of State. Idaho Code § 6–905; *Smith v. City of Preston*, 586 P.2d 1062, 1065 (Idaho 1978). The notice must be filed "within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." *Id*. § 6-905. The State then has ninety days to approve or deny the claim, and the State's failure to act within this 90–day period constitutes a denial of the claim. *Id*. § 6–909. If the State denies the claim, the plaintiff may file a lawsuit in district court. *Id*. § 6–910.

However, "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by" the Act. *Id*. § 6–908. The Idaho Supreme Court "has consistently

**MEMORANDUM DECISION AND ORDER - 4**

interpreted the language of I[daho] C[ode] § 6–908—that no claim or action shall be 'allowed'—to mean that compliance with the notice requirement of the Tort Claims Act is a mandatory condition precedent to bringing an action under the Act." *Madsen v. Idaho Dept. of Health & Welfare*, 779 P.2d 433, 436 (Idaho Ct. App.1989).

Emphasizing this mandatory condition precedent, the United States Court of Appeals for the Ninth Circuit has affirmed this Court's strict construction of the Act's notice requirement. *Butler v. Elle*, 281 F.3d 1014, 1029 (9th Cir. 2002). And recent decisions by the Idaho Supreme Court do not call this strict construction into question. *E.g., Turner v. City of Lapwai*, 339 P.3d 544, 547–48 (Idaho 2014) (finding claim barred by failure to present notice to city clerk despite city's actual notice of claim and absence of prejudice); *Alpine Village Co. v. City of McCall*, 303 P.3d 617, 622–23 (Idaho 2013) (holding claim against city was procedurally barred by failure to file timely notice).

In this case, Plaintiff filed his Prisoner Civil Rights Complaint on July 26, 2018, alleging claims of assault and battery against Defendant. The alleged incident occurred on June 13, 2017. A notice of tort claim was not filed with the Idaho Secretary of State within one hundred eighty days from the date the claim arose. Decl. of Hall. (Dkt. 17-2.)[2] Consequently, Plaintiff's tort claims against Defendant are barred. *Udell v. Idaho State Bd. of Land Comm'rs By & Through Idaho Atty. Gen.*, 812 P.2d 325, 327 (Idaho Ct. App. 1991) (upholding dismissal of tort claims for failure to file the required notice under the Act); *Boren v. City of Nampa*, No. CIV 04-084-S-MHW, 2006 WL 2413840, at *9 (D.

---

[2] The time period expired on December 10, 2017.

**MEMORANDUM DECISION AND ORDER - 5**

Idaho Aug. 18, 2006) (dismissing the plaintiff's state law claims for failure to file notice of tort claim under the Act).

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion to Dismiss (Dkt. 17) is **GRANTED**.

2) The Clerk is directed to mail a copy of the Court's Memorandum Decision and Order to Plaintiff at his address of record.

DATED: July 19, 2019

Honorable Candy W. Dale
United States Magistrate Judge