UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RALPH JAMES REYES,<br><br>            Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER THUESON,<br><br>            Defendant. | Case No. 1:18-CV-00115-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Currently pending before the Court is Defendant's motion for summary judgment, filed on September 4, 2019. (Dkt. 30.) Plaintiff did not respond to the motion and it is ripe for the Court's determination. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the brief and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will grant Defendant's motion for summary judgment.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge to hear and decide all matters in this case. (Dkt. 27.)

**MEMORANDUM DECISION AND ORDER - 1**

# PROCEDURAL AND FACTUAL BACKGROUND

Ralph Reyes' claim arises from an incident on June 13, 2017, during which Reyes alleges that he was struck in the groin area by Defendant Thueson, a correctional officer at Idaho State Correctional Center ("ISCC"). (Dkt. 10.) The relevant uncontested facts are straight forward. At the time of the incident, Reyes was an inmate in the Idaho Department of Correction ("IDOC") system at ISCC. (Dkt. 30-4 at 12:8-13:7.) Officer Thueson was employed as a correctional officer at ISCC. (Dkt. 30-5 at ¶ 2.)

During the time of the incident, Officer Thueson was in the Case Manager's office, standing near a desk, assisting inmates with paperwork. (Dkt. 30-4 at 53:10-18; Dkt. 30-5 at ¶ 7.) Also in the office was another correctional officer, Officer Held. (Dkt. 30-4 at 46:19-22, 47:17-21; Dkt. 30-5 at ¶ 6.) Officer Held was standing at the filing cabinet directly across from where Officer Thueson was standing. (Dkt. 30-4 at 53:2-18, 54:9-13.) At this same time, Reyes was in the back of the Case Manager's officer where the Sergeant's office was located. (Dkt. 30-4 at 50:14-17; Dkt. 30-5 at ¶ 6.) Reyes was talking to the Sergeant while Officers Thueson and Held were helping other inmates with paperwork. *Id.*

Upon exiting the Sergeant's office, Reyes had to pass behind and in between Officers Thueson and Held, in order to access the filing cabinet. (Dkt. 30-4 at 52:6-23.) At the moment Reyes stepped behind and between Officers Thueson and Held, Officer Thueson turned with a stapler in his hand, intending to return the stapler to the desk drawer. (Dkt. 30-5 at ¶ 7.) When Officer Thueson turned, he struck Reyes in the groin area with the hand that held the stapler. (Dkt. 30-4 at 56:13-15; Dkt. 30-5 at ¶ 7.) Later

that day, Reyes was medically examined, and it was determined that Reyes had no visible injury and was not in pain as a result of being struck with the stapler. (Dkt. 30-8 at ¶ 7.)

On March 9, 2018, Reyes filed a complaint against Officer Thueson. (Dkt. 3.) An amended complaint was filed on July 26, 2018. (Dkt. 10). The Amended Complaint alleges two constitutional claims under the Eighth and Fourth Amendments for excessive use of force, and two state law claims for assault and battery. (*Id.*) On December 3, 2018, the Court issued a Successive Review Order, allowing Reyes to proceed on the excessive force claim as well as on the two state law claims.[2] (Dkt. 11 at 8-9.) Officer Thueson filed a motion to dismiss the two state law claims on February 1, 2019. (Dkt. 17.) Reyes did not file a response to Officer Thueson's motion to dismiss, and the Court granted the motion on July 19, 2019.[3] (Dkt. 29). Officer Thueson now moves for summary judgment on the remaining excessive force claim. (Dkt. 30).

The Clerk notified Reyes of his rights and obligations regarding Officer Thueson's motion for summary judgment. (Dkt. 31.) The notice informed him that the motion required a response within 21 days. (*Id.*) The notice also stated, in accordance with Dist. Idaho L. Rule 7.1(e)(1), that Reyes risked having his claims dismissed if he failed to respond to Officer Thueson's motion. The Court gave Reyes ample opportunity to respond to the motion, which was filed on September 4, 2019. (Dkt. 22, 23, and 25.) To

---

[2] Although Reyes cited the Fourth Amendment when discussing his excessive force claim, the Fourth Amendment does not apply in this context because the Plaintiff is a convicted prisoner. Therefore, Reyes' excessive force claim will be analyzed under the Eighth Amendment. (Dkt. 11 at 3 n.1.)

[3] The Court granted the motion to dismiss because Reyes' failure to file a notice of tort claim, was fatal to his state law claims for assault and battery.

**MEMORANDUM DECISION AND ORDER - 3**

date, Reyes has not responded.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact will be absent if, upon "viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008); *see also*, *Mutual Fund Investors, Inc. v. Putnam Mgmt. Co.*, 553 F.2d 620, 624 (9th Cir. 1977).

Dist. Idaho L. Rule 7.1(e), provides that, "[i]n the event an adverse party fails to file any responsive documents required to be filed under this rule in a timely manner, such failure may be deemed to constitute a consent to the . . . granting of said motion." When a party does not have legal representation, the United States Court of Appeals for the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018).

Nonetheless:

> [a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. However, when the local rule does

**MEMORANDUM DECISION AND ORDER - 4**

not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.

*Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (internal citations omitted). The Ninth Circuit has also determined that such "discretion, however, is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993).

The Court, in the exercise of its discretion, determines that an examination of the merits of Officer Thueson's motion for summary judgment is warranted under Fed. R. Civ. P. 56(a). What follows is the Court's examination of all materials filed in the record to date in its determination of the motion for summary judgment.

## ANALYSIS

Officer Thueson asserts that the uncontested facts demonstrate his physical contact with Reyes was unintentional and Reyes thus cannot sustain an Eighth Amendment claim. The Court agrees and concludes that there are no genuine issues of material fact, and that Officer Thueson is entitled to summary judgment for the reasons that follow.

Reyes brings his claim under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of a right protected by the United States Constitution or created by federal statute proximately caused by conduct of a person acting under color of law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Reyes has alleged a violation of his Eighth Amendment rights.

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects

**MEMORANDUM DECISION AND ORDER - 5**

prisoners from the use of excessive physical force. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The United States Supreme Court has stated that the Eighth Amendment should be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v.* Pelzer, 536 U.S. 730, 736–37 (2002) (internal citations and punctuation omitted). Further, in *McKune v. Lile*, 536 U.S. 24 (2002), the Supreme Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." *Id.* at 42. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Because the Eight Amendment prohibits only "cruel and unusual" punishment, a use of force amounts to a constitutional violation only if it is applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (internal quotation marks omitted). Therefore, a prisoner asserting an excessive force claim must show "malicious and sadistic force, not merely objectively unreasonable force." *Id.* "Wanton conduct"—not "mere negligence" or "ordinary errors of judgment"—support an Eighth Amendment claim. *Whitley*, 475 U.S. at 319. "Accidents happen for which no man [or women] is to blame, thus an accident with no suggestion of malevolence, [does] not give rise to an Eighth Amendment violation." *Baze v. Rees*, U.S. 35, 50 (2008) (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 6**

Here, the uncontested facts show that Officer Thueson did not intend to make physical contact with Reyes. There is no evidence in the record that Officer Thueson acted with specific intent or with the purpose of causing harm or pain. Reyes generally alleges that Officer Thueson struck him because Officer Thueson harbors racial bias towards people of Hispanic origin. Reyes also alleges that he knows of Officer Thueson's racial bias because he has been subjected to "racially motivated harassment" by Officer Thueson and has submitted multiple "Offender Concern Form and Offender Grievances" against Officer Thueson. (Dkt. 10 at ¶ 10-11.) However, there is nothing in the record to show that Officer Thueson harbors any type of bias towards people of Hispanic or Latino origin. In fact, David Dietz, Deputy Warden of Security, reviewed Officer Thueson's working file at ISCC and found no other incidents involving offenders of Hispanic or Latino origin, and no past incidents with Reyes. (Dkt. 30-12 at ¶ 4.) Reyes's allegations of racial bias are not supported by evidence in the record.

Furthermore, it cannot be said that Officer Thueson's accidental contact with Reyes constituted force applied maliciously and sadistically for the purpose of causing harm. When Reyes was examined by a medical specialist on the day of the incident, Reyes agreed that the physical contact had been accidental. (Dkt. 30-8 at ¶ 6.) Also, the medical specialist determined, after examination, that there were no visible injuries and Reyes reported feeling no pain. (Dkt. 30-8 at ¶ 7.) Reyes was examined five additional times between June 15, 2017, and July 7, 2017, for treatment of his groin and all five follow-up examinations found no abnormalities. (Dkt. 30-8 at ¶¶ 8-12.) Based on these undisputed material facts in the record, Reyes has not alleged an Eighth Amendment

**MEMORANDUM DECISION AND ORDER - 7**

excessive force claim and the Court will grant Officer Thueson's motion for summary judgment.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion for Summary Judgment (Dkt. 30) is **GRANTED**. This matter is dismissed with prejudice.

DATED: November 20, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge